### 27291. TOWNSEND *v.* BRINSON.

DECIDED FEBRUARY 28, 1939.

*E. L. Rowland, A. L. Hatcher,* for plaintiff in error.
*Claxton & Claxton,* contra.

BROYLES, C. J. Mrs. Sarah Brinson sued J. W. Townsend, as an individual, and as guardian for C. G. Townsend, for alleged damages to her automobile. She alleged in her petition that Freeman Sheppard, while operating another automobile, recklessly and negligently, and while driving on the wrong (left) side of the road, drove said car against her car, thereby causing the damages sued for; that the car which Sheppard was driving was owned by C. G. Townsend and was then being operated at the express direction of J. W. Townsend and C. G. Townsend; "that C. G. Townsend has been adjudged mentally incompetent, and J. W. Townsend has been duly appointed as his guardian by the court of ordinary of

said county [Johnson County] and qualified as such guardian, as provided by law;" that "J. W. Townsend was negligent in permitting the said Sheppard to operate said car in a reckless manner upon the public highway, it being his duty to furnish a competent driver of said automobile;" that Sheppard was operating the car as the servant and agent of the defendant. The court sustained a demurrer to the petition alleging a misjoinder of parties defendant, and eliminated from the suit J. W. Townsend, as guardian of C. G. Townsend, and the case proceeded against J. W. Townsend individually. The jury returned a verdict for the plaintiff, and the defendant's motion for new trial was overruled. The evidence authorized a finding that the damages to the plaintiff's automobile were caused by the negligence of Freeman Sheppard. However, on the question of the liability of J. W. Townsend individually, the following facts appeared from the undisputed evidence: The car driven by Sheppard was owned by C. G. Townsend who was the brother of J. W. Townsend; the car stayed in a garage operated by Sheppard; on the night of the collision, C. G. Townsend sent word by Henry Garnto and Jesse Grant to Sheppard to drive the car to Swainsboro to get him; and Sheppard got the car from the garage and was driving it to Swainsboro when the collision occurred. There was other disputed evidence which authorized a finding that Sheppard, after receiving the request or direction from C. G. Townsend, spoke of it to J. W. Townsend who gave the key of the garage to Sheppard and told him he "had better go down to Swainsboro and get him [C. G. Townsend]." However, we do not think that this or any other evidence in the case authorized a finding that Sheppard, while operating the car, was doing so as the servant and agent of J. W. Townsend. While the petition alleged that C. G. Townsend had been adjudged mentally incompetent, this allegation was not proved, nor attempted to be proved, by the evidence. So far as the evidence shows, C. G. Townsend was mentally competent, and in our opinion the verdict finding J. W. Townsend liable for Sheppard's negligence was contrary to law and the evidence, and the refusal to grant a new trial was error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*